# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1035V
Filed: October 21, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ANGELINE OLDFIELD,                    *
                                      *
              Petitioner,             *
v.                                    *
                                      *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Elizabeth Muldowney, Rawls, McNelis & Mitchell, P.C., Richmond, VA, for petitioner.*
*Douglas Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 17, 2015, Angeline Oldfield ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered "debilitating pain and restricted range of motion in her left shoulder and arm, which was 'caused-in-fact'" by the trivalent influenza ("flu") vaccine she received on October 7, 2013. Petition at 1. On May 18, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 29).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 29, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 34). Petitioner requested attorneys' fees and costs in the amount of $17,289.39 and petitioner's out-of-pocket costs in the amount of $570.58 for a total amount of $17,859.97. *Id.* at 2-3. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $570.58 in out-of-pocket expenses. *See* Exhibit 22 (ECF No. 35).

On October 13, 2016, respondent filed a response to petitioner's motion. (ECF No. 37). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $**12,000.00** to $**14,000.00**" but provides little basis or explanation for how she arrived at this proposed range. *Id.* at 3.

On October 18, 2016, petitioner filed an amended motion for attorneys' fees and costs to correct a mathematical error which caused her to list an incorrect total for attorneys' fees and costs that was $300 less than the **correct amount of $17,589.39**. Amended Motion for Attorneys' Fees and Costs ("Pet. Am. Motion") at 1 (ECF No. 38). Thus, the total award requested by petitioner is **$18,159.97**. *Id.* at 2.

On October 18, 2016, respondent's counsel informed the OSM staff attorney by email, copying petitioner's counsel on the correspondence, that respondent waived her opportunity to file a response to petitioner's October 18, 2016 amended motion. *See* Informal Remark, dated Oct. 21, 2016. Instead, respondent's counsel indicated respondent would stand by her October 13, 2016 response. *Id.* In response to an inquiry by the OSM staff attorney, petitioner's counsel indicated petitioner wished to file a reply and would do the following morning. *Id.*

On October 19, 2016, petitioner filed her reply. (ECF No. 39). Petitioner argues that respondent's recommendation of a range for fees and costs based on five other cases with a similar type of injury (shoulder injury related to vaccine administration or "SIRVA") "does not take into account the facts and history of the case at bar . . . and therefore should not be considered." *Id.* at ¶ 4. Petitioner further argues that "[a]ll attorneys' fees and costs requested by petitioner herein were billed contemporaneously, were necessary for the advancement of this case, and are reasonable." *Id.* at ¶ 5. Petitioner provides a summary of the fees and costs requested.[3]

---

[3] This summary confirms what was apparent in the billing records, that petitioner seeks attorneys' fees based upon the following hourly rates for work performed by petitioner's counsel, Elizabeth Muldowney: $255 for 2014; $259 for 2015; and $261 for 2016. Pet. Reply at 5; *see also* Exhibit 20, filed as an Attachment to Pet. Motion (ECF No. 34).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,159.97[4] as follows:**

- **A lump sum of $17,589.39, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Elizabeth Muldowney; and**

- **A lump sum of $570.58, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.